United States District Court
Middle District of Florida
Tampa Division

**KENYA SHAUNTAY HARRISON,**

    Plaintiff,

v.                                                                                              NO. 8:23-CV-1102-VMC-LLL

**MARTIN O'MALLEY,** [1]
**Commissioner of Social Security,**

    Defendant.
_____

### Report and Recommendation

Kenya Shauntay Harrison (Harrison) seeks judicial review of a decision by the Commissioner of Social Security denying her claim for Disability Insurance Benefits (DIB) under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). This case was referred to me for the issuance of a report and recommendation. Docs. 3, 11. For the reasons stated below, I respectfully recommend the Commissioner's decision be affirmed.

### Background

Harrison was born in 1980, graduated high school, and has past relevant work as a reception clerk. Tr. 42-45. In May 2021, Harrison protectively filed an application

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Thus, under Federal Rule of Civil Procedure 25(d), Martin O'Malley should be substituted for Kilolo Kijakazi as the defendant in this action. No further action need be taken pursuant to the last sentence of 42 U.S.C. § 405(g).

for DIB, alleging disability beginning April 16, 2020. Tr. 66, 71, 194-95. The Social Security Administration denied her claim both at the initial level and upon reconsideration. Tr. 66-70, 71-78. Harrison requested a hearing before an Administrative Law Judge (ALJ), which was held on October 11, 2022. Tr. 38-64, 91-92. At the hearing, Harrison was represented by counsel; an impartial vocational expert (VE) also testified. Tr. 40. The ALJ issued an unfavorable decision on October 25, 2022. Tr. 20-31.

In his decision, the ALJ found Harrison: (1) had not engaged in substantial gainful activity since the alleged onset date of April 16, 2020; (2) had the severe impairments of morbid obesity and respiratory disorder; (3) did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1;[2] (4) had the residual functional capacity (RFC) to perform light work, as defined in 20 C.F.R. § 404.1567(b), with additional limitations; and (5) is capable of performing past relevant work as a reception clerk. Tr. 22-31. Thus, the ALJ concluded Harrison was not disabled. Tr. 31. Plaintiff filed a request for review, tr. 188-90, 260-62, which was denied, tr. 3-9. Thus, the ALJ's decision is the final decision of the Commissioner.

## Authority

The Social Security Act provides various types of benefits to those who cannot find work because of a disability. *See* 42 U.S.C. §§ 423(a); 1381a. A disability is defined

---

[2] Unless otherwise noted, citations to the Code of Federal Regulations (C.F.R.) are to the version in effect at the time of the ALJ's decision.

as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a); 416.905(a). A "physical or mental impairment" results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3); 1382c(a)(3)(D).

The Social Security Regulations (Regulations) set forth a five-step, sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4); *see also Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1101–02 (11th Cir. 2021) (citations omitted). The ALJ must determine whether the claimant: (1) is engaged in substantial gainful activity; (2) has any severe medically determinable physical or mental impairments; (3) has a severe impairment which meets or equals one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) has an RFC which allows for the claimant to perform past relevant work; and (5) can make an adjustment to perform other work given the claimant's RFC, age, education, and work experience. *Id.*

Although the claimant has the burden of proof in steps one through four, the burden shifts to the Commissioner in step five to show "the existence of . . . jobs in the national economy which, given the claimant's impairments, the claimant can perform." *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1279 (11th Cir. 2020). In his determination, the Commissioner may take "administrative notice of reliable job

3

information available from various governmental and other publications," including the Dictionary of Occupational Titles (DOT).³ 20 C.F.R. §§ 404.1566(d); 416.966(d). The Commissioner may also consider the testimony of a VE in making this determination. *Id.* §§ 404.1566(e); 416.966(e). To elicit testimony, the ALJ will pose hypothetical questions to the VE to determine whether a person with the claimant's limitations can secure employment in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). If the Commissioner makes this showing, the burden shifts back to the claimant to prove he or she is unable to perform the jobs suggested. *Goode*, 966 F.3d at 1279.

A Court's review of a decision by the Commissioner is limited to determining whether correct legal standards were applied and whether substantial evidence supports his findings. 42 U.S.C. §§ 405(g); 1383(c)(3); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citation omitted). In its review, the court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the ALJ. *Goode*, 966 F.3d at 1280.

---

³ The DOT is an "extensive compendium of data about the various jobs that exist in the United States economy[, including] information about the nature of each type of job and what skills or abilities they require." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1357 n.2 (11th Cir. 2018).

Within this role, however, federal courts do not "act as automatons." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). The court retains an important function to "scrutinize the record as a whole" and determine whether the ALJ's decision was reasonable. *Id.* While the court reviews the Commissioner's decision with deference to his factual findings, legal conclusions are reviewed with close scrutiny. *Keeton v. Dep't of Health and Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if the evidence preponderates against the Commissioner's findings. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## Analysis

Here, the ALJ concluded—under step four—that Harrison could perform light work, with certain limitations; that she could perform her past relevant work as a reception clerk; and, that she is not disabled. Tr. 24-30. In assessing her RFC, the ALJ determined that plaintiff could perform light work, with the exception that she could only sit for a total of 6 hours in an 8-hour workday; stand/walk for a total of 2 hours in an 8-hour workday; occasionally climb stairs; never climb ladders; occasionally balance, stoop, kneel, crouch, crawl; and should avoid concentrated exposure to pulmonary irritants, and hazards. Tr. 26. Although the ALJ questioned the VE about the use of a hand-held assistive device, he did not make a finding that the walker was medically necessary, nor did a medical provider offer an opinion on this issue.

Harrison raises two narrow issues on appeal challenging the ALJ's RFC findings. First, she argues that the ALJ failed to pose a complete hypothetical question

5

that accurately described plaintiff's condition to the VE. Doc. 21 at 15. Second, she asserts that the ALJ improperly evaluated Harrison's testimony regarding her subjective symptoms. *Id* at. 19. The Commissioner counters that substantial evidence supports the ALJ's finding that Harrison could perform her past relevant work, the ALJ's conclusions regarding Harrison's subjective symptoms, and that the RFC finding was appropriate. Doc. 26 at 3-4. After careful consideration, including a thorough review of the record and the arguments of the parties, I recommend that the ALJ's decision be affirmed.

1. Hypothetical Question

Harrison first argues that the ALJ failed to pose a complete hypothetical question to the VE properly describing the hand-held assistive devices used by her, specifically a walker and oxygen tank, which she claims would have impacted the ALJ's RFC finding. Doc. 21 at 15. At the hearing, the ALJ asked the VE whether an individual could perform any of Harrison's past relevant work if the individual required "the use of a handheld assistive device to ambulate prolonged distances over uneven terrain and for balance." Tr. 59. Harrison takes issue with this hypothetical, claiming it fails to distinguish between one-handed and two-handed assistive devices; it only considers "prolonged" distances, rather than distances within a building; and it did not specify Harrison's need to carry portable oxygen. *See* doc. 21 at 15-19. The Commissioner responds, stating that although the ALJ posed questions to the VE about Harrison's use of a handheld assistive device, the ALJ never made a finding that the walker was medically necessary, and Harrison failed to meet her burden showing

6

that it was. Doc. 26 at 6-10. The Commissioner also argues that because Harrison testified that she uses supplemental oxygen at night, she failed to show how her nightly oxygen use would impact her ability to perform past relevant work.

First, upon review of the record, the ALJ questioned the VE about the use of a handheld assistive device when determining her RFC. Tr. 59 ("I'd like you to presume the facts in the first hypothetical but add to it that the individual would require the use of a handheld assistive device to ambulate prolonged distances over uneven terrain and for balance."). The VE considered the hypothesis in concluding that Harrison was able to perform past relevant work at a light level. *Id.* ("Yes, sir. The reception clerk is within the hypothetical #2."). And the ALJ included this information in his opinion. *Id.* at 29 ("[t]he claimant's obesity-related fatigue with the use of a walker is accommodated by limitation to light work activity with total standing and walking limited to two hours over an eight-hour day, with sitting six hours over an eight-hour day."). Therefore, I am not persuaded by plaintiff's assertion that the hypothetical was incomplete regarding the use of a walker.

Moreover, although the ALJ acknowledged that Harrison used the walker for obesity-related fatigue, the record does not establish that the walker was medically necessary. It is Harrison's burden to prove through medical documentation "the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p, 1996 WL 374185, at *7 (S.S.A. 1996) (stating a finding of medical necessity must

7

be based on medical documentation); *see also* 20 C.F.R. § 404.1512 (stating that a claimant bears the burden of proving she is disabled). In her briefing, Harrison does not cite to a medical opinion—or other documentation in the record—that compels a finding that the walker was medically necessary and not just a preference to assist plaintiff with her fatigue. Thus, because a review of the objective evidence does not establish the medical device was medically necessary under the Regulations, the use of the device was not required to be considered in the RFC. Tr. 29; *see Kendrick v. Comm'r of Soc. Sec.*, No. 5:17-cv-244-Oc-18PRL, 2018 WL 4126528, at *3 (M.D. Fla. July 9, 2018), *report and recommendation adopted*, 2018 WL 4112832 (M.D. Fla. Aug. 29, 2018).[4]

Regarding her oxygen tank, Harrison urges the Court to remand because she believes the ALJ erred in not specifically asking the VE about its use when positing about limitations on her past relevant work. Doc. 21 at 18. Harrison testified she only uses supplemental oxygen as needed at night in her CPAP machine, tr. 52, which the ALJ noted in its findings. Tr. 25. Although Harrison asks the Court to remand on this basis, substantial evidence again supports the ALJ's conclusion. While there may be evidence in the record that suggests there were other times the oxygen was used, the ALJ did not err in its finding, which it based in large part upon plaintiff's own testimony. Tr. 52 ("Q; "Are you still using [oxygen] during the day? A: "Just as

---

[4] Although the ALJ did not explicitly include the use of a handheld device in the RFC, he considered it in concluding that her past relevant work was classified as "sedentary" and that even with "additional limitation requiring a handheld device for balance . . . the claimant could perform her past relevant work as a reception clerk." Tr. 30-31.

8

needed"; Q: "and how often is as needed for you? A: "Most of the time, it's at night."). Essentially, Harrison asks this Court to reweigh the evidence or substitute its judgment for the ALJ, which it is not permitted to do. *See Mitchell*, 771 F.3d at 882; *see also Barnes v. Sullivan* 932 F.2d 1356, 1358 (11th Cir. 1991) ("[t]he court need not determine whether it would have reached a different result based on the record."). Thus, remand on this basis is not warranted.

2. Harrison's Subjective Complaints

Next, Harrison argues that the ALJ improperly evaluated her subjective symptom testimony, doc. 21 at 19, while the Commissioner responds that the ALJ properly concluded that the level of symptom intensity was not entirely consistent with the evidence, doc. 26 at 16.

To establish a disability based upon a complaint of disabling symptoms, a claimant must show: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged symptoms, or (b) the objectively determined medical condition can be reasonably expected to give rise to the claimed symptoms. 20 C.F.R. §§ 404.1529 and 416.929; *see also Wilson*, 284 F.3d at 1225 (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (establishing the *Holt* pain standard)). If the ALJ determines the claimant has such a condition, he will evaluate the alleged symptoms' intensity and persistence and how they limit the claimant's ability to work, including any inconsistences between the testimony and other evidence. 20 C.F.R.§ 404.1529(c)(1), (3)-(4).

"If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so." *Wilson*, 284 F.3d at 1225 (citing *Hale*, 831 F.2d at 1011). "Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Id.* (citing *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988)).

The ALJ properly considered plaintiff's subjective complaints of disabling symptoms along with other relevant evidence of record in considering her claims. Tr. 24-30. In line with the factors set forth above, he first concluded that the record supported evidence of an underlying medical condition. Tr. 28. The ALJ next found that although her impairments could reasonably be expected to cause her symptoms, that the record did not support the symptom intensity, persistence, and functionally limiting effects of those symptoms. Tr. 30. In support of this finding, the ALJ outlined her alleged disabling symptoms, including that although she was morbidly obese, medical records noted that she had a normal gait and used, as needed, a walker to ambulate and supplemental oxygen. Tr. 28. He also noted she had back pain, but that it was treated conservatively with topical gel and ibuprofen. Tr. 28.

In concluding that Harrison could still participate in a reduced range of light work-related activity as stated in the RFC, the ALJ also cited to record evidence that plaintiff had "normal strength and muscle tone and normal movement in her extremities," normal range in her pulmonary function, that she could get in and out of bed and climb stairs to enter her apartment, that she cared for her child and could lift her 25-pound child from a seated position. Tr. 26-30, 1639, 1873-74, 1906, 1921, 1961.

The ALJ further considered evidence that plaintiff's non-compliance with certain treatments may have contributed to her symptoms. Tr. 27-30, 1922, 1928, 2003. And, as discussed thoroughly above, plaintiff's RFC did include numerous limitations that the ALJ found were supported by the evidence.

Harrison urges remand, claiming that the evidence cited by the ALJ was interpreted incorrectly or, in the alternative, that substantial evidence did not support his findings. But the ALJ's opinion articulated his basis for his findings, and a reviewing court will not disturb an ALJ's clearly articulated credibility finding that is supported by substantial evidence on the record. *Foote*, 67 F.3d at 1562 (citation omitted); *Dyer,* 395 F.3d at 1210 (concluding that substantial evidence is met when the record supports more than a mere scintilla, but less than preponderance). Moreover, there is no requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the reviewing court can conclude the ALJ considered the claimant's medical condition as a whole. *Dyer,* 395 F.3d at 1211.

Additionally, I do not find merit in Harrison's claim that the ALJ's consideration of her ability to participate in child-care activities was improper. Doc. 21 at 22-23. Harrison testified that she could lift her 25-pound child while sitting. Tr. 54-55. Although not, in and of themselves dispositive, claimants' activities may be used to evaluate whether their symptoms are as limiting as alleged. *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 404.1545(a)(3); SSR 16-3p; SSR 96-8p; *Dyer*, 395 F.3d at 1210; *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987); *Stacy v. Comm'r, Soc. Sec. Admin.*, 654 F. App'x 1005, 1011 (11th Cir. 2016). The ALJ did not err when determining that

11

lifting that amount of weight was consistent with the lifting required for performance of light work.[5]

Harrison again asks this Court to reweigh the evidence before the ALJ and arrive at a different conclusion, which it cannot do under the applicable standard of review. *See Mitchell v. Commissioner, Social Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014); *Crawford*, 363 F.3d at 1158–59 ("Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence.") (quoting *Martin*, 894 F.2d at 1529). Thus, remand is not warranted.

I respectfully **recommend**:

1. **Affirming** the ALJ's decision pursuant to sentence four of 42 U.S.C. § 405(g) and pursuant to § 1383(c)(3);

2. directing the Clerk of Court to **enter judgment** in favor of the Commissioner and against Kenya Shauntay Harrison; and

3. directing the Clerk of Court to **close** the file.

---

[5] Plaintiff's past relevant work was classified not as light, but as "sedentary," which involved lifting no more than 10 pounds at a time. *See* § 404.1567. Although the ALJ concluded that plaintiff's RFC included light work, he determined that she could perform her past relevant work as a reception clerk, which as a sedentary job would not require her to lift more than 10 pounds. Tr. 30.

**Entered** in Jacksonville, Florida, on August 12, 2024.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

### Notice to the Parties

"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Order (doc. 3), No. 8:20-mc-100-SDM, entered October 29, 2020, at 6.

c:
The Honorable Virginia Covington, United States District Judge
Eddy Pierre Pierre, Esquire
Timothy Clark, Esquire
John F. Rudy, III, Esquire
Rylan Smith, Esquire