UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENYA SHAUNTAY HARRISON,

    Plaintiff,

v.                                Case No. 8:23-cv-1102-VMC-LLL

COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of United States Magistrate Judge Laura L. Lambert's Report and Recommendation (Doc. # 28), entered on August 12, 2024, recommending that the decision of the Commissioner of Social Security denying benefits be affirmed.

On August 23, 2024, Plaintiff filed an objection to the Report and Recommendation. (Doc. # 29). The Commissioner did not file a response to the objection.

The Court accepts and adopts the Report and Recommendation, overrules the objection, and affirms the Commissioner's decision.

**Discussion**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept,

reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendation. 28 U.S.C. § 636(b)(1)(C). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a *de novo* review with respect to that factual issue. Stokes v. Singletary, 952 F.2d 1567, 1576 (11th Cir. 1992). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

Ms. Harrison's objection presents two arguments. First, the ALJ failed to state a "complete hypothetical question" by failing to account for the need for a walker and/or a portable oxygen concentrator (Doc. # 29 at 1-2, 8). Second, the ALJ failed to properly evaluate Ms. Rainey's subjective symptom testimony. (Id. at 10).

2

The Court is unpersuaded. Rather, the Court agrees with Judge Lambert's analysis rejecting these arguments. First, "the ALJ questioned the [vocational expert] about the use of a handheld assistive device when determining her [residual functional capacity]." (Doc. # 28 at 7). Regarding the portable oxygen concentrator, "Harrison asks this Court to reweigh the evidence or substitute its judgment for the ALJ, which it is not permitted to do." (Id. at 8). Second, "the ALJ's opinion articulated his basis for his findings, and a reviewing court will not disturb an ALJ's clearly articulated credibility finding that is supported by substantial evidence on the record." (Id. at 11).

Upon due consideration of the record, including Judge Lambert's Report and Recommendation as well as the objection thereto, the Court overrules the objection and adopts the Report and Recommendation. The Court agrees with Judge Lambert's well-reasoned findings of fact and conclusions of law. The Report and Recommendation thoughtfully addresses the issues presented, and the objection does not provide a basis for rejecting the Report and Recommendation.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 28) is **ACCEPTED** and **ADOPTED**.

(2) The decision of the Commissioner of Social Security is **AFFIRMED**.

(3) The Clerk is directed to enter judgment accordingly and, thereafter, **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of September, 2024.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE